## 63456. WOODS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated assault with intent to rape and appeals on the general grounds.

Appellant went to the victim's home about 3:30 Saturday afternoon to watch television. Appellant was drinking beer and asked the victim to sit on the couch with him. She refused and appellant went to a small couch where the victim was sitting and started to "aggravate" her by placing his hand between her legs. The victim told appellant to go back to the big couch; she went to the kitchen and sat in a chair. Appellant came to the kitchen and again tried to put his hand between the victim's legs. She slapped appellant, who then pulled a pocket knife, got the victim on the floor and cut one of her fingers. He was choking the victim by pressing on her neck; appellant released the victim's neck and made her unzip his pants. He then put his hand in the victim's pants and put his fingers in her vagina. The victim managed to get up and ran out of the house; appellant followed and caught her, and cut her twice on the neck. He forced the victim back to her house and locked the doors. The victim's son returned home about 6:30 and called the police, who apprehended appellant a short time later. Blood on appellant's T-shirt and underpants matched the victim's blood type.

The evidence is more than sufficient to support the findings and sentence, and the trial court did not err in denying appellant's motion for a new trial. Further, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 19, 1982.

*Robert Simmons Lanier, Jr.,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.